UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M NORMAN HAMMERLORD,<br><br>                              Plaintiff,<br><br>v.<br><br>SECRETARY DOUG COLLINS,<br>Department of Veteran Affairs;<br>DIRECTOR FRANK PEARSON, VA San<br>Diego Healthcare System; YING WU<br>MD, Primary Care VA San Diego,<br><br>                              Defendants. | Case No.:  25cv0882 DMS (JLB)<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff is an 80-year-old disabled veteran who receives medical care through the Department of Veterans Affairs ("VA"). (First Am. Compl. ("FAC") at 5-6.)  In July 2024, Plaintiff went to the VA hospital in La Jolla, California, due to shortness of breath and chest pain.  (*Id.* at 7.)  He was diagnosed with dyspnea and told to schedule a follow up visit with his primary care physician ("PCP").  (*Id.*)

Plaintiff had a video appointment with his PCP Ying Wu, M.D. on September 1, 2024.  (*Id.*)  During that appointment, it appears Dr. Wu recommended Plaintiff try CPAP therapy.  (*Id.* at 8.)  Plaintiff told Dr. Wu he did not have sleep apnea, and disagreed with Dr. Wu's recommendation.  (*Id.*)  Instead, he requested oxygen therapy.  (*Id.*)  Dr. Wu

disagreed that oxygen therapy was appropriate and declined to order it.  (*Id.* at 9.) Following that visit, Plaintiff sent a "Memorandum" to Dr. Wu documenting their visit, asking why he was not receiving test results, and requesting that Dr. Wu reconsider her approach to Plaintiff's complaints.  (*Id.* at 7-10.)

Plaintiff did not receive a response to his first "Memorandum", and so on October 25, 2024, he sent Dr. Wu a "Request for Medical Care."  (*Id.* at 10-11.)  He also sent a copy of this Request to Frank Pearson, the Director of the VA La Jolla Medical Center.  (*Id.* at 11.)  In that Request, Plaintiff reiterated his various medical concerns and the VA's failure to address those concerns to Plaintiff's satisfaction.  (*Id.*)  Plaintiff also requested a referral to community care outside the VA, copies of his medical records, and Dr. Wu's state medical license number.  (*Id.* at 12.)

On October 30, 2024, Dr. Wu sent Plaintiff a response.  (*Id.*)  Plaintiff describes the response as a "cover-up letter."  (*Id.*)  In it, Dr. Wu advised Plaintiff how to obtain copies of his medical records, and suggested he transfer his care to a different PCP.  (*Id.* at 13.)

On November 6, 2024, Plaintiff sent another letter to Mr. Pearson with a copy to Dr. Wu.  (*Id.* at 13.)  When Plaintiff did not receive a response to that letter he contacted the VA hotline.  (*Id.* at 15.)

Eventually Plaintiff had another visit with Dr. Wu on January 21, 2025.  (*Id.* at 16.) Plaintiff was dissatisfied with that visit, and again contacted the VA hotline.  (*Id.*)  He also sent another letter to Mr. Pearson and former Secretary of Veterans Affairs Denis McDonough.  (*Id.* at 17.)

On March 10, 2025, Plaintiff filed a criminal complaint with the Commander of the San Diego VA Police against Mr. Pearson and Dr. Wu.  (*Id.*)  On March 12, 2025, Plaintiff filed a claim for damages against the VA in the amount of $7,502,000.  (*Id.* at 18.)  That same day he also filed a consumer complaint with the California Medical Board against Dr. Wu.  (*Id.* at 19.)

After those filings, Plaintiff filed the present case against Doug Collins, Secretary of Veterans Affairs, Mr. Pearson, and Dr. Wu alleging claims for violation of due process,

25cv0882 DMS (JLB)

violation of Plaintiff's civil rights, elder abuse, violation of the Americans with Disabilities Act ("ADA"), and conspiracy to interfere with civil rights.  (ECF No. 1.)  On initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court found Plaintiff had failed to state a claim a claim against Defendants and dismissed the Complaint with leave to amend. (ECF No. 5.)

After the initial Complaint was filed, Plaintiff met with a new PCP Jennifer Javors, M.D.  (FAC at 20.)  Plaintiff alleges Dr. Javors and Dr. Wu share an office, and because of that, Dr. Javors has a bias toward Plaintiff.  (*Id.*)  After that visit, Plaintiff went through the same protocol he employed with Dr. Wu, i.e., he sent her letters documenting their visit and requesting his medical records.

Having failed to receive a satisfactory response to those letters, Plaintiff proceeded to file his FAC, in which he realleges his claims for due process violations and civil rights conspiracy, elder abuse (although that claim now has a different legal basis), violation of the ADA, and a new claim for violation of the Older Americans Act, 42 U.S.C. § 3001. He also names Dr. Javors as a Defendant.

In dismissing Plaintiff's first § 1983 claim, the Court found Plaintiff failed to allege any facts to support the elements of either a procedural or substantive due process claim. Although Plaintiff alleges additional facts in his FAC, he still fails to allege facts supporting the elements of either a procedural or substantive due process claim.  For instance, on his procedural due process claim Plaintiff fails to allege what liberty or property interest is at stake here.  And to the extent he is attempting to allege a substantive due process claim, he fails to allege any facts to support the element of conscience-shocking behavior on Defendants' part.  Absent any factual allegations addressing the requisite elements, Plaintiff has again failed to state a due process claim under § 1983.[1]

---

[1] Absent a claim under § 1983, Plaintiff's claim under § 1985 must also be dismissed. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (quoting *Caldeira v.*

Next, Plaintiff alleges a claim of elder abuse.  In his original Complaint, Plaintiff relied on California law as the legal basis for this claim, but he now relies on the Elder Abuse Prevention and Prosecution Act, 34 U.S.C. § 21701, et seq.  This federal law, however, "does not provide a private right of action."  *Augusta v. Paini*, No. 5:23-cv-667-MMH-PRL, 2023 WL 8604281, at \*2 (M.D. Fla. Nov. 20, 2023) (citations omitted).  Accordingly, Plaintiff cannot state a claim under this statute.

Plaintiff's next claim alleges disability discrimination in violation of the ADA.  As stated in the Court's previous order:

> To state a claim of disability discrimination under Title II [of the ADA], the plaintiff must allege four elements:  (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Weinrich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 876, 978 (9th Cir. 1997)).  In screening Plaintiff's original Complaint, the Court found Plaintiff failed to allege sufficient facts to support the first element of his ADA claim.  Plaintiff has cured that pleading deficiency in his FAC.  (*See* FAC at 6) (stating Plaintiff has "three-service-connected disabilities, two of which are currently rated zero and one is rated ten percent" and that Plaintiff was found to be "totally disabled in 1987 due to a compression injury to his spine and damage to his left wrist").  However, he fails to allege any facts to support the other elements of this claim.  Accordingly, this claim, too, must be dismissed.

/ / /

*County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989)) ("'[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.'")

25cv0882 DMS (JLB)

Plaintiff's final claim is based on the Older Americans Act, 42 U.S.C. § 3001, et seq. Like the Elder Abuse Prevention and Prosecution Act, this Act does not provide a private right of action. *See Kregzde v. Sarebanha*, No. CV 17-1220 JGB (FFM), 2017 WL 11635444, at *4 (C.D. Cal. Dec. 18, 2017) (stating "Act contains no provision allowing for an older American to sue a private individual for such wrongdoing.") Thus, this claim must also be dismissed.

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff has not cured the pleading deficiencies associated with his § 1983, § 1985, and elder abuse claims despite being given an opportunity to do so, those claims are dismissed with prejudice and without further leave to amend. Plaintiff is granted leave to amend his ADA claim, however, to allege facts supporting the remaining elements set out above. Should Plaintiff choose to file a Second Amended Complaint that cures the pleading deficiencies associated with his ADA claim, he shall do so on or before **February 12, 2026**.

**IT IS SO ORDERED**.

Dated: January 20, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

25cv0882 DMS (JLB)